**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR. No. 00-0122-01L |
| | : | |
| NICKOYAN WALLACE | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the Court's request for a sentencing memorandum.

This Court asked the parties to address two questions: "(A)whether the Sentencing Guidelines will be mandatory or advisory as to Wallace's resentencing, in light of United States v. Booker, 543 U.S. 220 (2005); and (B) the extent to which the Court in resentencing Wallace, may impose a greater or lesser sentence than the sentence originally imposed." The short answer is that Booker applies and the Court may fashion a sentence up to and including the statutory maximum.

In light of United States v. Booker, 543 U.S. 220 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. This is true even for a resentencing ordered as the result of granting a defendant's petition pursuant to § 2255 for non-Booker reasons. See Ferrara v. United States, 372 F.Supp.2d 108, 113 (D.Mass. 2005). However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006). Sentencing courts are to "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264; see also 18 U.S.C. § 3553(a)(4). Compliance

with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or

"discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997). However, post-Booker, "the fact '[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines.'" United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). "Nevertheless, [the Jimenez-Beltre] decision did treat the guidelines as more than just 'one factor among many,' deemed them the proper starting point for post-Booker sentencing, and said that the proponent of a variance had to support it." United States v. Navedo-Concepción, No. 05-2301, slip op. at 5 (1st Cir. June 9, 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)).

The Supreme Court's decision in Booker caused a fundamental change in the law governing sentencing. That change now permits sentencing courts to consider sentences "which otherwise would have been impermissible" under the Sentencing Guidelines. United States v. Singletary, ___ F.3d ___, 2006WL2086023(C.A.2 (N.Y.)). Thus, as long as the Court follows the scheme set forth by the Supreme Court and the First Circuit in the decisions cited above and, as

long as the sentence imposed is sufficient and reasonable, it may be equal to, less than, or greater than the sentence originally imposed. United States v. Wallace, __ F.3d __, 2006WL2336923 (C.A.1 (R.I.)) at p. 12.

The government notes that the Presentence Report (PSR) indicates that an upward departure pursuant to § 5K2.6 may be appropriate in this case. As the PSR stated in paragraph 78, the First Circuit upheld such an upward departure in the case of defendant's co-defendant, Timi Wallace. The First Circuit noted that § 5K2.6 provides for an upward departure if "a weapon or dangerous instrumentality was used or possessed in the commission of the offense" and that the extent of the departure "ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." Id. at p. 16.

As the Court no doubt recalls, Mr. DiBiasio testified that co-defendant Timi Wallace pointed the TEC-9, an assault weapon, at him during the robbery. This robbery took place during business hours on North Main Street, a busy street within the City of Providence. That no customer was in the store at the time of the robbery, and that no customer entered the store during the course of the robbery, was due to luck, not any planning on defendant's part. The use of such a weapon clearly falls within the ambit of § 5K2.6. Thus, the Court may consider whether an upward departure on that ground is warranted.

Once the Court determines an appropriate guideline range, after taking into account any grounds for upward or downward departures, it must then look to the factors of 18 U.S.C. § 3553(a) in order to determine a reasonable, appropriate sentence. If the Court determines that a non-guidelines sentence is appropriate, it must articulate the basis for that sentence. See United

States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006). There must be "a plausible explanation and a defensible overall result" in order for a sentence to be found reasonable. Id.

The Court should, at a minimum, consider an upward departure for defendant pursuant to § 5K2.6.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/Stephanie S. Browne
STEPHANIE S. BROWNE
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2006, I caused the with Government's Sentencing Memorandum to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

William C. Dimitri
William C. Dimitri & Associates
462 Broadway
Providence, RI 02909

/s/Stephanie S. Browne
Stephanie S. Browne
Assistant U.S. Attorney