UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.  C.A. No. 00-122-L

NICKOYAN WALLACE

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Ronald R. Lagueux, Senior United States District Judge.

Before this Court are Nickoyan Wallace's objections to the Report and Recommendation (Doc. #221) filed by Magistrate Judge David L. Martin on June 1, 2009 in the above matter. The Report and Recommendation recommends the dismissal of Wallace's pro se "Petition Pursuant to Rule 5.1 of the Fed. R. Civ. Proc. Challenging the Constitutionality of a Federal Statute 28 U.S.C. §515(a)" (Doc. #217)(the "Petition"). The Petition seeks dismissal of Wallace's indictment because the First Assistant United States Attorney and an Assistant United States Attorney were allegedly present during the Grand Jury proceedings and such presence was unauthorized. (See Petition at 2, 3, 9.)[1]

After the Government filed a response to the Petition, Wallace notified the Court that he agreed it should be characterized as a petition for habeas corpus pursuant to 28 U.S.C. § 2255. See Constructive Notice of Intent and Request for an Expedited

---

[1] Further details on the history and travel of this case are contained in the Report and Recommendation filed by Magistrate Judge Martin.

Resolution Based on Exigent Circumstances (Doc. #219) ("Constructive Notice") at 2.

The Petition was then referred to Magistrate Judge Martin, who granted Wallace's request for expedited consideration and then filed his Report and Recommendation. The Report and Recommendation found that the Petition should be characterized as a 'second or successive' petition pursuant to 28 U.S.C. § 2255 and that this Court lacked jurisdiction to consider it in the absence of a certification from the Court of Appeals authorizing consideration of the claims raised in the Petition and recommended that the Petition be dismissed. Report & Rec. at 7-9.

Magistrate Judge Martin further recommended that the petition not be transferred to the First Circuit for certification because the substantive claims raised by the Petition were meritless. Id. at 12. Specifically, he rejected Wallace's claim that the presence of the First Assistant United States Attorney and an Assistant United States Attorney during the Grand Jury proceedings violated 28 U.S.C. § 515(a) and required dismissal of the indictment, because that claim relied on the Senate version of the bill that was not adopted as the statute in question and because § 515 has been held to be constitutional and to expressly permit such attorneys to attend and conduct grand jury proceedings. Id. at 9-11 (citing United States v. Wrigley, 520 F.2d 362 (8th Cir. 1975)). He further found that under established case law any error in grand jury proceedings of the type raised by Wallace in his Petition is

rendered harmless by a petit jury's subsequent jury verdict. <u>Id.</u> at 11 (citing <u>United States v. Colon-Munoz</u>, 192 F.3d 210 (1st Cir. 1999) and <u>United States v. Mechanik</u>, 475 U.S. 66 (1986)).

Wallace filed his objections to the Report and Recommendation on June 16, 2009, pursuant to Fed.R.Civ.P. 72(b).[2] <u>See</u> Plaintiff's Objection to the Magistrate's Recommendation and Request for Leave to Amend § 2255 Motion (Doc. #226) at 1-3.[3] After considering those objections, this Court finds them essentially to be a re-hash of the arguments Wallace presented to the Magistrates Judge and without merit. The Court further finds that the Magistrate Judge correctly characterized the Petition as a 'second or successive' motion under § 2255 -- indeed Wallace has conceded as much[4] -- and concurs that the substantive claims stated therein were in any event meritless.

---

[2] After the Report and Recommendation was filed, the parties submitted two belated filings pertaining to the Petition. <u>See</u> "Plaintiff's Response to Respondent's Response to His Petition Pursuant to Rule 5.1 of Federal Civil Procedure Now under Re-Characterization and Construction As a Petition Pursuant to § 2255" (Doc. #223), and "Government's Response to Defendant's Clarification of Initial Petition" (Doc. #224). Both documents discuss claims and issues that are addressed in the Report and Recommendation, but they do not change the result reached herein.

[3] Part II of this document, in which Wallace requests leave to file amended § 2255 claims in connection with his re-sentencing, is not addressed herein but will be discussed in a separate Order by this Court.

[4] <u>See</u> Constructive Notice, discussed <u>supra</u>, p. 1. <u>See also</u> "Notice of Acknowledgment and Intent to Withdraw Contingent Upon Leave," (Doc. #227) filed by Wallace on June 23, 2009. In the latter document Wallace acknowledges that his Petition, as originally filed, constitutes a second or successive § 2255 petition. This document will be further discussed in a separate Order by this Court. <u>See</u> n. 3, <u>supra</u>.

Accordingly, this Court hereby ACCEPTS and ADOPTS in full the findings and recommendations contained in the Report and Recommendation. Because this Court lacks jurisdiction to hear the petition absent prior authorization from the First Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), the Petition must be and hereby is, DISMISSED.

IT IS SO ORDERED:

/s/ Ronald R. Lagueux
Ronald R. Lagueux
Senior U.S. District Judge

July 29, 2009