UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
        v.                    )    Cr. No. 00-122-WES
                              )
NICKOYAN WALLACE              )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant/Petitioner Nickoyan Wallace has filed a Petition for Common Law 'Writ of Error Coram Nobis' (ECF No. 274) ("Petition") and a memorandum in support thereof (ECF No. 274-1) ("Memorandum"). The Government has filed an opposition (ECF No. 276) ("Opposition") to the Petition. For the reasons that follow, the Petition is DENIED.

I.    Background and Travel[1]

The instant Petition is the latest in a series of motions Wallace has filed relating to his 2001 conviction on charges of obstruction of interstate commerce by robbery of certain firearms, conspiracy to so obstruct interstate commerce, robbery of firearms

---

[1] The facts of the case have been recounted by the Court of Appeals and this Court several times, see United States v. Wallace, 71 F. App'x 868, 869 (1st Cir. 2003); Wallace v. United States, 526 F. Supp. 2d 277, 279 (D.R.I. 2007); Wallace v. United States, No. Civ.A. 04-363-L, 2006 WL 1495518, at *1 (D.R.I. May 25, 2006), and need not be repeated here.

from a federally licensed dealer, and brandishing a firearm during and in relation to a crime of violence.  In addition to his direct appeal, see United States v. Wallace, 71 F. App'x 868 (1st Cir. 2003), Wallace has filed a motion to vacate his conviction purportedly pursuant to Federal Rule of Civil Procedure 60(b), see United States v. Wallace, 82 F. App'x 701 (1st Cir. 2003), and two motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, see Wallace v. United States, 526 F. Supp. 2d 277 (D.R.I. 2007), and Wallace v. United States, No. Civ.A. 04-363-L, 2006 WL 1495518 (D.R.I. May 25, 2006).  The Petition was filed on May 11, 2016.[2]  The Government filed its Opposition on July 14, 2016.

II.  Discussion

> A Hail Mary pass in American football is a long forward pass made in desperation at the end of a game, with only a small chance of success.  The writ of error coram nobis is its criminal-law equivalent.

United States v. George, 676 F.3d 249, 251 (1st Cir. 2012).  A writ of error coram nobis "is meant to correct errors 'of the most fundamental character; that is, such as render[] the proceeding itself irregular and invalid.'"  Murray v. United States, 704 F.3d

---

[2] The Petition is dated May 11, 2016, and is deemed filed on that date.  See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

23, 28 (1st Cir. 2013)(alteration in original)(quoting United States v. Mayer, 235 U.S. 55, 69 (1914); see also George, 676 F.3d at 253 ("In federal criminal cases, the writ is now available as a remedy of last resort for the correction of fundamental errors of fact or law." (citing Trenkler v. United States, 536 F.3d 85, 93 (1st Cir. 2008))). The courts' authority to issue the writ derives from the All Writs Act, 28 U.S.C. § 1651(a). George, 676 F.3d at 253. It is an "extraordinary remedy," id. at 251, and is to be used "sparingly," id. at 253; see also United States v. Morgan, 346 U.S. 502, 511 (1954)("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."). A writ of error coram nobis "is ordinarily available only to a criminal defendant who is no longer in custody,"[3] Trenkler, 536 F.3d at 98, and may not be used when alternative remedies are available, see id. at 97; see also United States v. Denedo, 556 U.S. 904, 911 (2009).

---

[3] Wallace states that he was released from federal custody on July 28, 2015. (Petition 2.) Although he still has a term of supervised release to serve, (Amended Judgment 4, ECF No. 172), he is not under active supervision because he is presently in the custody of U.S. Immigration and Customs Enforcement pending removal proceedings, (Petition 3).

The Court of Appeals for the First Circuit has adopted a three-part test for use in determining whether a petitioner is eligible for coram nobis relief: "a petitioner must: 1) explain [his] failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment." United States v. Sawyer, 239 F.3d 31, 38 (1st Cir. 2001) (citations omitted); see also Williams v. United States, 858 F.3d 708, 714-15 (1st Cir. 2017) (citations omitted); George, 676 F.3d at 254 (citations omitted). "The petitioner bears the burden of persuasion on all three steps." Murray, 704 F.3d at 29 (citing George, 676 F.3d at 255). Further, even if the petitioner satisfies the three requirements, "the court retains discretion to grant or deny the writ, depending on the facts and circumstances of the individual case. Satisfying the three-part test is a necessary, but not a sufficient, condition for the issuance of the writ." Id. at 29-30 (internal citation and quotation marks omitted). The petitioner "must also show that justice demands the extraordinary balm of coram nobis relief." George, 676 F.3d at 255 (citation omitted); see also id. (stating that if petitioner "fails to convince the court that the ends of justice will be served by granting such extraordinary relief, the court may refrain from upsetting a conviction that has long since become final").

As noted above, Wallace has sought relief from the judgment of conviction previously, albeit, as he states, "on different grounds. . . ." (Petition 5.)  He further states that he is seeking coram nobis relief to remedy "lingering civil disabilities," specifically removal proceedings, resulting from his conviction. (Id.)  Therefore, he has satisfied the first two requirements of the three-part test.  Thus, the question is whether Wallace can satisfy the third condition, as well as "convince the court that the ends of justice will be served . . .," George, 676 F.3d at 255, by granting the writ.

Wallace argues that the United States Department of Justice, through counsel, the Assistant United States Attorney ("AUSA"), "fraudulently indicted and prosecuted the above-referenced criminal action against [Petitioner] in the name and on behalf of 'USA,' knowing the same to be 'illegal' and 'unconstitutional' . . . ." (Petition 5)(alteration in original).  This, in Wallace's view, was a "structural error," because "it is well established that the United States of America has no authority to commence suit in the district courts."  (Id.)(citing 28 U.S.C. § 1345[4]);

---

[4] Even if Wallace's interpretation of § 1345 were accurate—which it is not—by its terms § 1345 applies to civil actions, not criminal prosecutions.  See 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings

see also (Memorandum 1)(stating that federal government has been "[d]issolved"). Wallace also claims that defense counsel was ineffective for failing to detect and raise an affirmative defense based on the "defect," resulting in "severe 'prejudice' to defendant . . . ." (Petition 5.)

"Congress has given federal district courts original jurisdiction over 'all offenses against the laws of the United States.'" George, 676 F.3d at 259 (quoting 18 U.S.C. § 3231); see also 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); United States v. González, 311 F.3d 440, 442 (1st Cir. 2002)("Article III gives to the federal judicial branch authority— that is, subject matter jurisdiction—over all cases arising under the laws of the United States; and by statute Congress has given the federal district courts this authority over federal criminal cases in the first instance." (citing 18 U.S.C. 1321)). Therefore, "a federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." Id. (citation

---

commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.").

omitted); see also George, 676 F.3d at 259 (quoting González, 311 F.3d at 442). The Indictment (ECF No. 1) in the instant case charged Wallace with violating 18 U.S.C. § 1951, 18 U.S.C. §§ 922(u) and 2, and 18 U.S.C. § 924(c)(1)(A)(ii). See Wallace, 526 F. Supp. 2d at 279. A jury convicted him of those crimes. See id. Clearly, then, Wallace committed "offenses against the laws of the United States," George, 676 F.3d at 259, and was properly prosecuted in the United States District Court for the District of Rhode Island. See González, 311 F.3d at 442 (noting district court's subject matter jurisdiction over "crime[s] described in Title 18").

Further, 28 U.S.C. § 547 states:

Except as otherwise provided by law, each United States attorney, within his district, shall--

(1) prosecute for all offenses against the United States . . . .

28 U.S.C. § 547. Thus, the United States Attorney is expressly granted the authority to prosecute "all offenses against the United States," id., several of which Wallace was indicted and prosecuted for violating.

Wallace's argument that the "United States of America" (as opposed to the "United States") had no authority to prosecute him is specious and amounts to no more than semantics. (Petition 5-

7

6). Even the United States Constitution substitutes the title "United States" for the "United States of America." Compare U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."), with U.S. Const. pmbl. ("We the people of the United States . . . do ordain and establish this Constitution for the United States of America."). There can be no question that this Court had the authority to try Wallace on the counts of the Indictment, or that the AUSA had the authority to prosecute Wallace for those charges. See 18 U.S.C. § 3231; 28 U.S.C. § 547; George, 676 F.3d at 259; Gonzalez, 311 F.3d at 442.

Wallace has not met his burden of demonstrating that the judgment of conviction "resulted from a fundamental error." Murray, 704 F.3d at 29. Nor has he "convince[d] the court that the ends of justice will be served . . .," George, 676 F.3d at 255, by granting the Petition. Wallace was indicted for committing federal offenses, was duly prosecuted and convicted on those charges, and has had numerous opportunities to challenge that conviction. Justice will not be served by overturning his sixteen-year-old conviction.

With respect to Wallace's claim that counsel was ineffective for failing to recognize the "structural error" and raise an

affirmative defense on the basis of the "defect," (Petition 5), little need be said.  Because there was no structural error, there was no affirmative defense for counsel to raise.  See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) ("Obviously, counsel's performance was not deficient if he declined to pursue a futile tactic.") (citation omitted); see also Knight v. Spencer, 447 F.3d 6, 16 (1st Cir. 2006)("failing to pursue a futile tactic does not amount to constitutional ineffectiveness" (quoting Vieux, 184 F.3d at 64)); Dure v. United States, 127 F. Supp. 2d 276, 280 (D.R.I. 2001) ("Counsel cannot be deemed ineffective for failing to pursue futile arguments." (citing Vieux, 184 F.3d at 64)).

III. Conclusion

There was no "structural error" in Wallace's indictment and prosecution.  Therefore, there was no "defect" which counsel should have recognized.  Wallace's claim is rejected in its entirety.  Accordingly, the Petition for writ of error coram nobis is DENIED.

IT IS SO ORDERED.

_WEsmith_

William E. Smith
Chief Judge
Date:  November 16, 2017